■ In the Matter of HENRY W. DU BOIS, Individually and as Mayor of the Village of New Paltz, Appellant, v. TOWN BOARD OF THE TOWN OF NEW PALTZ, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered March 22, 1973 in Ulster County, which dismissed the petition, in a proceeding pursuant to CPLR article 78, to compel respondent to grant an exemption to owners of real property in the Village of New Paltz from levy and collection of any taxes for town budget appropriations for the items provided for by subdivisions 3 and 4 of section 141 of the Highway Law, or, alternatively, for a declaration that section 277 of the Highway Law is unconstitutional. Section 277 of the Highway Law provides: " In any town in which there may be an incorporated village, which forms a separate road district, and wherein the roads and streets are maintained at the expense of such village, all property within such village *shall* be exempt from the levy and collection of taxes levied in the town, as provided by section two hundred sixty-seven of this chapter, for the repair and improvement of highways, including sluices, culverts and bridges having a span of less than five feet. In addition a town board in such town *may* exempt all property within such village from the levy and collection of taxes levied in the town for such items provided for by subdivisions three and four of section one hundred forty-one of this chapter. The assessors of such town shall indicate in a separate column the value of the real property included in such incorporated village " (emphasis supplied). Section 141 of said law lists four categories of **expenditures** for highways and bridges,

set forth generally as follows: item one, for the repair and improvement of highways; item two, for the repair and construction of bridges having a span of five feet or more; item three, for machinery and tools; and item four, for snow removal and other miscellaneous purposes. The Village of New Paltz is located entirely within the bounds of the Town of New Paltz. On October 11, 1972, the village requested respondent board to exempt the residents of the village from levy and collection of any taxes allocated in the town highway budget for said items three and four, which request was denied. Petitioner is the Mayor, a resident and taxpayer of said village and also a resident and taxpayer of said town. The determination of what persons and property shall be taxed, belonging exclusively to the legislative branch of government, is a legislative act (*Risley* v. *Utica*, 173 F. 502, 507), which may not be reviewed in an article 78 proceeding (*Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 24 N Y 2d 400, 407). Special Term chose to consider the constitutionality of the permissive exercise of exemption granted pursuant to section 277 of the Highway Law and correctly held that there was no basis for the constitutional attack. Since a town and a village embraced within the former's territorial limits are distinct municipal corporations organized for different purposes, each may exercise statutory taxing powers for highway purposes within their respective limits without reference to the exercise of like powers by the other. Petitioner's argument is bottomed on the erroneous contention that village residents receive no benefit from taxes paid by village taxpayers for items three and four of the town highway budget. The maintenance of town highways outside a village benefits the village itself; in various instances, the village otherwise would be landlocked (cf. *O'Flynn* v. *Village of East Rochester*, 292 N. Y. 156, 165; *Shoshone Highway Dist.* v. *Anderson*, 22 Idaho 109; see Highway Law, § 142-c). Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Kane and Main, JJ., concur.